Reuben McDANIEL; Joe P. Martin; Eileen Herrala; Joseph Guenther; Henry Moser, Plaintiffs–Appellees,

v.

The NATIONAL SHOPMEN PENSION FUND, Defendant–Appellant.

No. 88-3724.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1989.

Decided July 20, 1989.

As Amended Nov. 17, 1989.

---

Thomas J. Hart and Lena S. Zezulin, Thomas Hart & Associates, Washington, D.C., Richard H. Robblee, Hafer, Price, Rinehart & Schwerin, Seattle, Wash., for defendant-appellant.

Neal S. Dudovitz and Gill Deford, Nat. Senior Citizens Law Center, Los Angeles, Cal., Alfred H. Sigman and Jeffrey Lewis, Sigman & Lewis, Oakland, Cal., John E. Iverson and Thao Tiedt, Ryan, Swanson, Hendel & Cleveland, Seattle, Wash., for plaintiffs-appellees.

Before GOODWIN, Chief Judge, WRIGHT and NORRIS, Circuit Judges.

PER CURIAM:

Beginning in 1971, Fentron Industries, ("Fentron") made contributions on behalf of its employees to the National Shopmen Pension Fund ("the Fund"), a multiemployer pension plan,[1] until it withdrew from the Fund in 1978. In 1982, the Fund's trustees voted to cancel certain pension credits previously earned by the Fentron employees, justifying the action on the ground that Fentron's departure left the Fund with $500,000 in unfunded liabilities. The Fentron employees brought this suit to set aside the Fund's action. The district court granted summary judgment to the employees, holding that the Fund's cancellation of pension credits was arbitrary and capricious in violation of section 302(c) of the Taft–Hartley Act, 29 U.S.C. § 186(c)(5), and section 404 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1104. We affirm because we believe this case is controlled by our decision in *Elser v. I.A.M. Nat'l Pension Fund*, 684 F.2d 648 (9th Cir.1982).

In *Elser*, we held that a multiemployer pension fund could not cancel pension credits to cover an unfunded liability. *Id.* at 657. Although the fund in *Elser* argued that the pension forfeiture provision was necessary to protect the actuarial soundness of the plan, the fund offered no evidence of financial instability. *Id.*[2] Gener-

---

1. The facts of this case are fully set forth in our earlier decision in *McDaniel v. National Shopmen Pension Fund*, 817 F.2d 1370 (9th Cir.1987), in which we held that the Trust Agreement authorized the trustees to reduce the benefits in question and remanded for a determination whether the reduction was nonetheless prohibited by ERISA.

2. We recognize that our circuit is in apparent conflict with the D.C. Circuit, which has held that a fund may reduce benefits to recoup unfunded liabilities, regardless of any threat to the overall financial stability of the fund. *See Stewart v. National Shopmen Pension Fund*, 795 F.2d 1079, 1083 (D.C.Cir.1986); *Stewart v. National Shopmen Pension Fund*, 730 F.2d 1552, 1566 (D.C.Cir.1984), *cert. denied*, 469 U.S. 834, 105 S.Ct. 127, 83 L.Ed.2d 68 (1984).

ally, a multiemployer fund seeking to apply its pension forfeiture provisions must demonstrate that the overall financial stability of the plan is endangered. *See Burditt v. Western Growers Pension Plan,* 818 F.2d 698 (9th Cir.1987), *aff'g,* 636 F.Supp. 1491, 1497 (1986) (fund's application of pension forfeiture provision is arbitrary and capricious unless "overall financial stability of the pension plan is endangered"). Here, as in *Elser,* the Fund has failed to carry that burden. We agree with the district court that the record contains no evidence that unfunded obligations to Fentron's employees threatened the financial integrity of the Fund. Nor is there any evidence to support the Fund's argument that the reduction is needed to deter other employers from dumping unfunded liabilities on the Fund in the future. Indeed, since 1981, under section 104 of the Multiemployer Pension Plan Amendments Act, Pub.L. No. 96–364, 94 Stat. 1208, codified at 29 U.S.C. § 1381, employers who withdraw from multiemployer funds have been required to fund their proportionate share of the plan's unfunded benefit obligations. *See Board of Trustees v. Thompson Bldg. Materials, Inc.,* 749 F.2d 1396, 1402 (9th Cir.1984), *cert. denied,* 471 U.S. 1054, 105 S.Ct. 2116, 85 L.Ed.2d 481 (1985). By requiring employers to make up any shortfall in contributions when they withdraw from a pension fund, the 1981 legislation protects funds from having unfunded liabilities dumped upon them by departing employers. Given the 1981 change in the law, the Fund has failed to persuade us that cancellation of pension credits earned by Fentron employees was necessary to deter other employers from withdrawing from the Fund and saddling it with unfunded liabilities.

The judgment is AFFIRMED.